# In the United States Court of Federal Claims

No. 18-1541C
(Filed: February 11, 2019)

|  |  |  |
|---|---|---|
| JEFFREY R. KUNTZ, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Military Pay Act; Failure to State a |
| | ) | Claim; Reserve Soldier; RCFC |
| v. | ) | 12(b)(6). |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Samuel C. Moore*, Alexandria, VA, for plaintiff.

*Ann Camille Motto,* Civil Division, United States Department of Justice, Washington, DC, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Steven J. Gillingham*, Assistant Director, for defendant.

## OPINION AND ORDER

**FIRESTONE**, *Senior Judge*

The plaintiff, Jeffery R. Kuntz ("Mr. Kuntz"), a former United States Army Reserve Soldier, filed this action on October 4, 2018, seeking correction of his military record, back pay under the Military Pay Act, 37 U.S.C. § 206, and other relief. The defendant, the United States ("government"), has moved to dismiss Mr. Kuntz's claims under Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC") on the grounds that the plaintiff has failed to state a claim upon which relief can be granted. For the reasons stated below, the court agrees with the government and grants the motion to dismiss.

## BACKGROUND FACTS

The following facts are taken from Mr. Kuntz's complaint. Mr. Kuntz is a former United States Army Reserve Soldier, and a current domiciliary of the State of Wisconsin. Compl. at ¶ 1. On August 21, 2010, Mr. Kuntz, an Army Reservist, attended a Family Day event, pursuant to specific reserve training orders, as a member of Detachment One, Company B, 452nd Combat Support Hospital, in Neenah, Wisconsin. *Id*. at ¶¶ 1, 9, 47, 16. At the end of Family Day, Mr. Kuntz went to a friend's house, where he engaged in actions that led to his being court martialed. *Id.* at ¶¶ 20-21, 28. During this time period, he was not on active duty.

Based on the events that occurred on the evening of August 21, 2010, Mr. Kuntz was investigated by the military, and on June 14, 2013, Mr. Kuntz was charged with aggravated sexual assault and forcible sodomy in violation of Articles 120 and 125 of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. §§ 920, 925 (2008). *Id.* at ¶ 30. Mr. Kuntz pled guilty to these charges and was court martialed based on his guilty plea. *Id*. He was thereafter discharged from the Army Reserves. *Id*. at ¶ 40.

Following his discharge, on December 20, 2013, Mr. Kuntz filed an appeal before the Army Court of Criminal Appeals challenging his court martial on various grounds. *Id*. at ¶ 31. On July 21, 2014, the Army Court of Criminal Appeals upheld Mr. Kuntz's conviction and sentence. *Id*. at ¶ 32. On August 19, 2014, Mr. Kuntz petitioned the Court of Appeals for the Armed Forces to grant review of his case, arguing for the first time, that the military lacked jurisdiction under Article 2(a)(3) of the UCMJ on the grounds that his

misconduct occurred during a period when Mr. Kuntz was not under training orders or otherwise on active duty. *Id*. at ¶ 34. The Court of Appeals for the Armed Forces rejected Mr. Kuntz's petition for review on October 27, 2014. *Id*. at ¶ 35. Mr. Kuntz then petitioned the Army Court of Criminal Appeals for extraordinary relief in the form of a writ of error *coram nobis*. *Id*. at ¶ 36. On October 6, 2016, the Army Court of Criminal appeals rejected Mr. Kuntz's petition. *Id*. at ¶37. Mr. Kuntz thereafter filed a writ-appeal petition to the Court of Appeals for the Armed Forces, arguing based on his status at the time of his wrong-doing that he was not under the Army's jurisdiction. *Id*. at ¶ 38. This petition was also denied.

Mr. Kuntz filed the pending action on October 4, 2018. In his complaint, Mr. Kuntz seeks correction of his military record, back pay, allowances and other benefits from the United States Army, including restoration of his rank and grade in the Army. *Id*. at 8, 9. On November 9, 2018, the government moved to dismiss Mr. Kuntz's complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). Def.'s Mot. To Dismiss at 1 (ECF No.5 ). Briefing was completed on December 18, 2018 and the court has determined that oral argument is not necessary.

## LEGAL STANDARDS

### I.    Standard of Review for Motion to Dismiss for Failure to State a Claim

A complaint will survive a motion to dismiss for failure to state a claim if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id*. When considering such a motion, "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009). Legal conclusions and "recitals of the elements of a cause of action," however, are not entitled to a presumption of truth. *See Iqbal*, 556 U.S. 662, 678 (2009). Under the Tucker Act, if a plaintiff's claim does not fall within the scope of a money mandating source, the court must dismiss the case for failing to state a claim on which relief can be granted. *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008).

## II.     The Military Pay Act

Military pay claims are divided into two categories: those brought by "service members serving on full-time active duty[,]" and those brought by "persons not in full-time active duty service[,]" or, in other words, members of the reserves or National Guard. *Palmer v. United States*, 168 F.3d 1310, 1312-14 (Fed. Cir. 1999). While the full-time service members are entitled to pay "[b]y virtue of their status," the part-time service members are "paid by the military only for drills actually attended, *see* 37 U.S.C. § 206(a)(1) (1994) and training actually performed, *see* 37 U.S.C. § 204(a)(2) (1994)." *Id*. at 1314. "The consequence of this difference in pay entitlement between full-time active duty personnel and those serving part-time reserve duty is that a member who is serving in part-time reserve duty in a pay billet or was wrongfully removed from one, has no lawful pay

claim against the United States for unattended drills or for unperformed training duty." *Id.*; *see also Dehne v. United States*, 970 F.2d 890, 894 (1992); *Reilly v. United States*, 93 Fed. Cl. 643, 649 (2010); *Greene v. United States*, 65 Fed. Cl. 375, 380-81 (2005). These rules apply even when a reservist alleges that the military has acted unlawfully and the reservist was wrongfully prevented from performing his or her reservist duties. *See Palmer*, 168 F.3d at 1313. An exception to this general rule applies only for reservists who cannot attend drills or training due to a physical disability. *See* 37 U.S.C. § 206(a)(3).

## ANALYSIS

The government argues in its motion to dismiss under RCFC 12(b)(6) that Mr. Kuntz cannot state a claim for back pay under the Military Pay Act and for this reason his case must be dismissed.[1] Specifically, the government argues that Mr. Kuntz, as a non-active duty service member, is entitled to back pay only for duties or training performed or for the time he was on active duty. Here, Mr. Kuntz is claiming a right to back pay under the Military Pay Act for duties he would have performed had he not been "wrongfully" court martialed. Mr. Kuntz admits that he was not on active duty for any time he seeks back pay and he does not allege that he was not paid for training or duties he actually performed for the Army. In addition, Mr. Kuntz does not allege that he could not perform his duties because of a disability. In such circumstances, the government argues, Mr. Kuntz cannot state a claim for back pay under the Military Pay Act.

---

[1] The government concedes and this court agrees that it has jurisdiction to hear Mr. Kuntz's claims under § 206 of the Military Pay Act on the grounds that claims under the Military Pay Act are money-mandating. Def.'s Mot. to Dismiss at 4.

5

The court agrees with the government. As discussed above, the Federal Circuit has made clear that a reservist can only recover pay under the Military Pay Act for time on active duty or for drills and training actually performed, regardless of whether he was wrongfully removed from duty. *See Palmer,* 168 F.3d at 1314. Because Mr. Kuntz was not on active duty for the period he seeks pay and does not allege that he was not paid for drills or training he actually performed, Mr. Kuntz cannot a state a claim for relief. In *Palmer,* the Federal Circuit made clear that a reservist wrongfully removed from duties cannot claim back pay under the Military Pay Act for drills and training he did not perform but would have performed had he not been wrongfully removed from his duties. *See id.* Given the Federal Circuit's clear directive in *Palmer*, the court has no choice but to dismiss Mr. Kuntz's claim for back pay under the Military Pay Act.

Having concluded that Mr. Kuntz cannot state a claim under the Military Pay Act, the court finds that Mr. Kuntz's wrongful discharge and accompanying request to correct his military record must be dismissed for lack of jurisdiction. For the court to consider Mr. Kuntz's wrongful discharge claim and his request for correction of his military record together with collateral relief, he needed to establish that this court had jurisdiction under the Tucker Act. *See Palmer,* 168 F.3d at 1314 ("Before the trial court could grant [the plaintiff's] collateral remedies such as correction of records and reinstatement to a position from which he was wrongfully removed, he must first establish that, under the Tucker Act, he has a money-mandating statute that entitles him to a pay remedy."). Therefore, to establish jurisdiction under the Tucker Act, Mr. Kuntz needed to establish that he was

entitled to pay under the Military Pay Act.[2]  Because his money-mandating claim under

the Military Pay Act must be dismissed for the above-stated reasons, this court no longer

has Tucker Act jurisdiction to hear his wrongful discharge claim and his request to correct

his military record.

## CONCLUSION

For all of the foregoing reasons, the government's motion to dismiss is **GRANTED**.

The Clerk is directed to enter judgement accordingly. Each party shall bear its own costs.

**IT IS SO ORDERED.**


s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge

---

[2] Mr. Kuntz has also asserted a Due Process claim under the Fifth Amendment and a claim for military retirement pay under 10 U.S.C. § 12731. With regard to Mr. Kuntz's Due Process claim, this court does not have jurisdiction over claims based on the Due Process clause because it is not money-mandating. *Maxberry v. United States*, 722 Fed. Appx. 997, 1000 (Fed. Cir. 2018) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)). With regard to Mr. Kuntz's claim for military retirement pay, the court does not have jurisdiction to review Mr. Kuntz's retirement pay claim because Mr. Kuntz raised this claim improperly before the court by raising it for the first time in his response to the government's motion to dismiss. *See Austin v. United States*, 118 Fed. Cl. 776, 790 (2014). Moreover, even if Mr. Kuntz had properly raised his claim, he is not entitled to relief because he is not yet 60 years old and only those "60 years of age" are eligible for military retirement pay under 10 U.S.C. § 12731(f).